UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:

Richard Michael Lenard,                          Case No. 07-53645
                                                 Chapter 13
                         Debtor.                 Hon. Phillip J. Shefferly
_____/

## ORDER DENYING MOTION TO EXPEDITE HEARING
## REGARDING MOTION TO EXTEND AUTOMATIC STAY

On July 13, 2007, the Debtor filed this Chapter 13 case. On August 9, 2007, the Debtor filed a motion to extend the automatic stay under § 362(c)(3)(B). The Debtor's motion recites that because the Debtor had a case that was dismissed within one year prior to this case, the automatic stay of § 362 will terminate after 30 days from the filing of the petition in this case under § 362(c)(3)(A). On August 9, 2007, Debtor filed a motion to expedite a hearing with respect to his motion to extend the automatic stay.

Section 362(c)(3)(B) permits the Court to order the continuation of the automatic stay but only "after notice and a hearing completed before the expiration of the 30-day period" after the date the petition was filed. In this case, the petition was filed on July 13 2007. Therefore, under § 362(c)(3)(A), the automatic stay in this case expires on August 12, 2007. Although the Debtor filed his motion to extend the stay on August 9, 2007, which is within the 30-day period before the stay expires under § 362(c)(3)(B), the Debtor did not file his motion in sufficient time to permit the Court to rule on it "after notice and a hearing completed before the expiration of the 30-day period."

The Debtor's motion was filed at 3:13 p.m. on August 9, 2007 and the proposed order was submitted to the Court to schedule a hearing on the Debtor's motion to extend the automatic stay at 3:42 p.m. on August 9, 2007. Even if the Court had immediately entered that order and scheduled a hearing before the expiration of the 30-day period after the petition, the hearing could only have been held on August 10, 2007, one day later. That is not sufficient notice to provide any meaningful opportunity for creditors and other parties in interest to be heard with respect to a motion to extend stay. Although the Court could have conducted a hearing before the expiration of the 30-day period, the Court could not have done so "after notice." By filing the motion to extend the automatic stay 27 days after the petition was filed, the Debtor prevented the opportunity for any meaningful due process for creditors and other parties in interest with respect to consideration of the Debtor's motion "after notice and a hearing."

The Bankruptcy Court for the Eastern District of Michigan has adopted a Local Bankruptcy Rule to create a procedure to ensure that motions to extend the automatic stay under § 362(c)(3)(B) are timely adjudicated by the Court while still providing meaningful due process so that the motions

are only ruled upon "after notice and a hearing." L.B.R. 4001-6(a) requires a motion to extend the automatic stay under § 362(c)(3)(B) to be filed within seven days after the petition is filed. That rule further requires the moving party to obtain a hearing date from the judge's courtroom deputy clerk who then causes the notice of hearing to be served on all parties in interest.

In this case, the Debtor did not file his motion to extend the automatic stay within seven days after filing his petition as required by L.B.R. 4001-6(a), but instead filed it 27 days after the petition was filed. Further, because the 29th and 30th days after the petition was filed in this case both fell on a weekend, the Debtor's motion to extend the automatic stay that was filed on the 27th day after the petition could only be heard on one day of the Court's schedule which was the 28th day after the petition was filed. That is not only a violation of L.B.R. 4001-6(a), but is also insufficient due process by any criteria to permit a meaningful opportunity for creditors and other parties in interest to be heard with respect to the Debtor's motion to extend the automatic stay. Accordingly,

IT IS HEREBY ORDERED that the Debtor's motion to expedite the hearing (docket entry #18) with respect to his motion to extend the automatic stay is denied.


Signed on August 13, 2007

                                    __/s/ Phillip J. Shefferly__
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge